**Atlantic States Insurance Co. v. Northeast Networking Systems Inc.**

416

C.P. of Allegheny County, no. GD 03-335.

*Scott Millhouse,* for plaintiff.
*Lorraine A. Smith,* for defendant Northeast.
*Clinton Boyd,* pro se.
*John Newborg,* for defendant Fornicoia.

FRIEDMAN, *J.,* September 8, 2004—The facts in the captioned action for a declaratory judgment are some-

what confusing at first. Plaintiff insured defendant Northeast Networking Systems Inc. under a business auto policy. That policy excludes coverage for any injuries that Northeast would be liable for under laws such as the workers' compensation law. Both of the individual defendants, Clinton Boyd and Charles Fornicoia were employees of Northeast at the time they were involved in the automobile accident that gave rise to the instant dispute.

The insurance policy issued by plaintiff included the following liability coverage:

*"(A) Coverage*

"We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'

*"(1) Who is an insured.*

"The following are 'insureds':

"(a) You for any covered 'auto.'

"(b) Anyone else while using *with your permission* a covered 'auto' you own, hire or borrow . . . ." (emphasis added)

The policy also contained the following exclusions:

*"(B) Exclusions*

"This insurance does not apply to any of the following: . . .

*"(3) Workers' Compensation*

"Any obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

"*(4) Employee Indemnification and Employer's Liability*

" 'Bodily injury' to:

"(a) An employee of the 'insured' arising out of and in the course of employment by the 'insured'; or

"*(5) Fellow Employee*

" 'Bodily injury' to any fellow employee of the 'insured' arising out of and in the course of the fellow employee's employment."

The undisputed facts are as follows:

—Boyd and Fornicoia had been sent by Northeast from Murrysville, Pennsylvania, where they normally worked, to Richmond, Virginia.

—They had to stay overnight in a motel/hotel.

—They had to eat at restaurants.

—They did not have to drink alcoholic beverages.

—They had the use of a company-owned vehicle, covered by the policy at issue, during the course of their stay in Virginia.

—Only Boyd was permitted by Northeast to drive the car.

—Boyd was Fornicoia's supervisor at the time.

—At dinner, Boyd consumed alcohol.

—After dinner, Boyd drove the car with Fornicoia riding as a passenger.

—The car was involved in an accident and Fornicoia was seriously injured.

—The accident gave rise to two other types of proceedings besides the instant one, Fornicoia and Boyd's workers' compensation claims against Northeast and a tort action in Florida by Fornicoia against Boyd and Northeast. (Fornicoia now resides in Florida.)

—A workers' compensation referee decided Fornicoia was in the scope of Northeast's business when he was injured, even though he had also imbibed alcohol, apparently because he was a passenger at the time of the accident.

—A different workers' compensation referee decided that Boyd, the driver of the auto, was not in the scope of Northeast's business at the time of the accident, giving as the reason for this decision the fact that Boyd had consumed alcohol prior to driving the car.

—According to the workers' compensation decision, Boyd was charged with DUI by Virginia police. It is unclear whether or not he was convicted.

—The referees granted Fornicoia workers' compensation benefits and denied them to Boyd.

—Boyd was a permissive user of Northeast's automobile at the time and as such was an "insured" under section A.1.b. of the business auto policy, quoted above.

## DISCUSSION

The policy section cited by plaintiff excludes "any obligation for which the 'insured' (either Northeast or Boyd) or the 'insured's' insurer (plaintiff) may be held liable under workers' compensation . . . or any similar law."

That policy section does *not* exclude any obligation for which Boyd, Northeast or plaintiff may be held liable under ordinary tort law.

Workers' compensation statutes are intended to protect employees who are injured while on their employers' business or by fellow employees also on their employer's business. However, the public policy con-

siderations behind such legislation have yet to be extended to persons injured in a different context. Here, the decision of the workers' compensation referee that Boyd was not in the scope of his employment because of the drinking he did at dinner, raised the question of whether Boyd should be considered a fellow employee whose conduct does not give rise to more than a workers' compensation claim by Fornicoia, or whether Boyd, having been determined to be acting outside the scope of his employment by the referee, is liable to Fornicoia in tort.

As defendant Fornicoia points out in his cross-motion for summary judgment, there are at least two types of insureds under the policy, Northeast itself (which can only act through its agents and employees) and a permissive user, such as Boyd, of an automobile owned, hired or borrowed by Northeast.

Since Boyd was found to have been acting outside of his employment according to the workers' compensation referee, it follows that his tortious act is not the act of Northeast. It then follows that Boyd was acting on his own behalf when he caused the accident. In that capacity, he, not Northeast, is the insured under the policy, because he undisputedly was a permissive user of the vehicle.

The Florida court reached a similar conclusion, applying Pennsylvania law. Even were there somehow a justification for re-litigating the workers' compensation referee's conclusion that Boyd was not within the scope of his employment, we are also constrained by the Florida court's ruling that the workers' compensation bar does not apply. Boyd's conduct, not Northeast's, is at issue,

and that conduct, vis-à-vis Fornicoia, based on estoppel principles, is not the conduct of a fellow employee.

## CONCLUSION

The question under the policy is whether Northeast, acting through Boyd, is the true insured. Since Northeast opposed the referee's finding that Boyd was in the scope of his employment, it is now estopped from taking the opposite position that Boyd was acting for Northeast at the time of the accident. The Florida court, applying Pennsylvania law, decided that Boyd's liability is not limited by workers' compensation laws. The Florida court's reasoning is not obviously incorrect and therefore this court has no basis in justice to disregard it.[1] Boyd was permitted by plaintiff's insured, Northeast, to drive the car at the time of the accident,[2] and Northeast only permitted Fornicoia to be a passenger. Boyd is clearly an insured under the applicable policy and under the workers' compensation decision, he was not acting in the capacity of "a fellow employee" at the time of the accident.

Therefore, this court declares that plaintiff must continue to defend Boyd in the Florida litigation and also must pay any verdict in favor of Fornicoia and against Boyd (up to its coverage limits, without any deduction

---

1. An exception to the rule that prior decisions of a judge of coordinate jurisdiction must be honored is permitted when "the prior holding was clearly erroneous and would create a manifest injustice if followed." *Zane v. Friends Hospital,* 575 Pa. 236, 244, 836 A.2d 25, 29 (2003), citing *Commonwealth v. Starr,* 541 Pa. 564, 576, 664 A.2d 1326, 1332 (1995).

2. Under 75 Pa.C.S. §1724, alcohol use will not void insurance coverage.

422

for the workers' compensation benefits paid to Fornicoia in satisfaction of Northeast's separate employer liability).

See order filed herewith.

ORDER

And now, to-wit, September 8, 2004, after considering the motion for summary judgment of plaintiff and the cross-motion for summary judgment of defendant Fornicoia, the motion of plaintiff is denied, the cross-motion of Fornicoia is granted, and it is declared as follows:

Plaintiff must continue to defend Clinton Boyd in the Florida litigation and also must pay any verdict in favor of Charles Fornicoia and against Clinton Boyd up to its coverage limits without any deduction for the workers' compensation benefits paid to Fornicoia in satisfaction of Northeast's employer liability.